UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRION COMMUNICATIONS, INC., | |
| Plaintiff, | Civil Action No. 05-2369 (HAA) |
| v. | **OPINION AND ORDER** |
| C&L BEEPERS, INC., aka/dba PROFESSIONAL COMMUNICATIONS, JENNIFER DAWN LYNCH, and HENRY CALDARAZZO, | |
| Defendants. | |

Michael S. Kimm, Esq.
190 Moore Street, Suite 272
Hackensack, New Jersey 07601
*Attorney for Plaintiff*

**<u>ACKERMAN</u>, Senior District Judge:**

      This matter comes before the Court on an application by Plaintiff, Trion Communications, Inc. ("Trion") for default judgment against Defendants C&L Beepers, Inc. ("C&L"), Jennifer Dawn Lynch ("Lynch") and Henry Caldarazzo ("Caldarazzo"). For the reasons discussed below, Plaintiff's application for a default judgment against Defendant C&L is GRANTED; the application for a default judgment against Defendants Lynch and Caldarazzo is DENIED.

1

## *BACKGROUND*

This matter is before the Court on Plaintiff Trion's informal request for entry of a default judgment against a named corporate defendant, C&L, and two individual defendants, Lynch and Caldarazzo.  This action was commenced on May 20, 2005, when Trion filed a Complaint against the Defendants alleging claims of breach of contract, unjust enrichment and account stated, seeking monies due and owing in the amount of $87,500 in connection with a contract for the sale of cellular phones.  Summonses were issued by the clerk's office on June 2, 2005 for each of the defendants, and the summonses were mailed to Trion's counsel.  Additionally, the matter was referred to arbitration by the clerk's office on that date.

Trion's next filing was directed to the District Court Clerk's Office, and was captioned as a "Request for Clerk's Default Judgment," filed on July 20, 2005.  This filing consisted of Trion's counsel's request for entry of a default judgment by the clerk, as well as a declaration from Trion's counsel, describing the Defendants' failure to respond to the summonses.  Trion's counsel asserted in his declaration that the summonses were served by certified mail, return receipt requested, in accordance with the substitute service provisions of the New Jersey Rules of Court.  Trion's counsel's declaration also included a calculation of the proposed amount of the judgment.  Trion's "Request for Clerk's Default Judgment" also included a declaration from Trion's vice-president, Bong Kyung Ko, attesting to the validity of the $87,500 claimed in the Complaint.

The Clerk's Office treated Trion's "Request for Clerk's Default Judgment" as a request for an entry of default against the Defendants, and default was entered against the Defendants on

August 8, 2005.  No further pleadings were filed by Trion after the Clerk's entry of default.  On December 20, 2005, Trion's counsel sent a letter to this Court stating that "plaintiff's application for default judgment was submitted in July 2005 and default was entered by the clerk's office in August 2005, but apparently the clerk's office has overlooked issuance of the judgment."  The letter requested that judgment be entered, presumably in reliance upon the papers previously filed.  At no time did Plaintiff file a formal motion with this Court seeking a default judgment.

Upon review of the materials previously submitted to the Clerk's Office by Trion, this Court, on February 7, 2006, ordered that Trion submit additional support for its application for a default judgment, in the form of proof of service of the summonses by certified mail.  The Order issued because the supporting papers for Trion's "Request For Clerk's Default Judgment" had indicated that the Defendants "all share a common business address" in Baltimore, Maryland, and further indicated that both the corporate and individual defendants had been served by certified mail addressed to that "common business address."  However, Trion failed to include with its papers any copies of return receipt cards or other proof of service, as is required by New Jersey Court Rule 4:4-7, which specifies that, "[w]here service is made by registered or certified mail and simultaneously by regular mail, the return receipt card or the unclaimed registered or certified mail shall be filed as part of the proof."  Trion's counsel submitted appropriate proofs on February 17, 2005.  We now address the merits of Trion's informal application for default judgment.

## ANALYSIS

Plaintiff has indicated that the defendants have been served in accordance with the New Jersey Rules of Court.  The Federal Rules of Civil Procedure authorize the use of the service

rules for the state in which the district court sits.  Fed. R. Civ. P. 4(e)(1).   In the present case, Plaintiff Trion indicates that it has properly served the Defendants pursuant to New Jersey law.

The New Jersey Rules of Court address service of out-of-state defendants in Rule 4:4-4(b), captioned "Obtaining In Personam Jurisdiction by Substituted and Constructive Service." The relevant rule provides that, where it appears after diligent inquiry, that a defendant may not be served within the state of New Jersey, in personam jurisdiction may be obtained by various methods including personal service outside the state, and service by certified or registered mail. Rule 4:4-4(b)(1)(C) provides that service by mail may be accomplished with respect to an individual over the age of 14 by mailing the summons to "the individual's dwelling house or usual place of abode."  That section further provides that with respect to a corporation, service may be accomplished by mailing the summons to a registered agent for service, or its principal place of business, or to its registered office.  N.J.Ct.R. 4:4-4(b)(1)(C).

In the present case, Trion's counsel asserted in his declaration in support of the "Request for Clerk's Default Judgment" that all three Defendants were served by certified mail at their "common business address."  While this may be sufficient under the New Jersey Court Rules for service of the corporate Defendant, C&L, which may be served by directing the summons to its "principal place of business" pursuant to subsection (b)(1)(C) of the service rule, such service is not sufficient to obtain personal jurisdiction over the individual Defendants, Lynch and Caldarazzo, each of whom must be served at his or her "dwelling house" or "usual place of abode" in order to satisfy the New Jersey Court Rule for service of individuals.  Because the materials before this Court indicate that the individual Defendants were not served at their homes but at a "common business address," this Court must conclude that Trion has not properly

effected service on these individual Defendants pursuant to New Jersey law, and thus has not obtained personal jurisdiction over the individual Defendants. Accordingly, Trion is not entitled to default judgment against the individual Defendants, and because of the impropriety of service and the failure to acquire personal jurisdiction over Lynch and Caldarazzo, Trion's Complaint must be dismissed without prejudice with respect to these two individual Defendants.

With respect to Trion's application for a default judgment against the corporate Defendant, C&L Beepers, Inc., while the application was, at best, minimally descriptive as to the nature of the claim, the circumstances giving rise to suit and the calculation of the amount claimed, the little information put before the Court is sufficient to support the entry of a default judgment against the corporate Defendant, C&L. The default judgment shall be entered in the amount stated in the Complaint, $87,500, plus attorney's fees and costs pursuant to the agreement between the parties, for a total amount of $89,150.00.

### *Conclusion*

For the foregoing reasons, it is hereby ORDERED on this 2nd day of May 2006 that Trion's application for a default judgment against Defendants Lynch and Caldarazzo is DENIED and the Complaint is DISMISSED WITHOUT PREJUDICE with respect to these Defendants. It is FURTHER ORDERED that the application for a default judgment against Defendant C&L is GRANTED in the amount of $89,150.00.

Newark, New Jersey
Dated: May 2, 2006                                             s/ Harold A. Ackerman, U.S.D.J.